**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Robert John FLETCHER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 27, 2008.

Filed April 18, 2008.

---

David H. Acker, New Castle, for appellant.

Kathleen Fee–Baird, Asst. Dist. Atty., New Castle, for the Com., appellee.

BEFORE: MUSMANNO, ORIE MELVIN and COLVILLE *, JJ.

---

\* Retired Senior Judge assigned to the Superior Court.

**1.** The circumstances of the instant offense are material to the SVP assessment process, *see*

OPINION BY COLVILLE, J.:

¶ 1 This is an appeal from the judgment of sentence imposed following Appellant's guilty pleas to charges related to the sexual abuse of his minor niece, including two counts of indecent assault. Appellant was sentenced and designated a sexually violent predator ("SVP") for purposes of Pennsylvania's Megan's Law. Appellant presents argument on only one issue for our review: whether the SVP designation was supported where there was insufficient evidence that Appellant engaged in predatory behavior in the assaults on his niece. When this Court reviews the sufficiency of the evidence supporting a determination of SVP status, "we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied." *Commonwealth v. Haughwout*, 837 A.2d 480, 484 (Pa.Super.2003) (citation omitted). We affirm.

¶ 2 In the relevant statute, a "sexually violent predator" is defined, in pertinent part, as "[a] person who has been convicted of a sexually violent offense as set forth in [42 Pa.C.S.A.] section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under [42 Pa. C.S.A.] section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9792. This definition contains no requirement for a determination that the SVP engaged in predatory behavior in the instant offense.[1]

42 Pa.C.S.A. § 9795.4(b) (listing "Facts of the current offense" as a mandatory area of inquiry in assessment); there is simply not a requirement that the offense be found to have been "predatory."

The statutory definition of "predatory," about which the arguments before us revolve, is relevant only in that an SVP must be found to have a mental abnormality or personality disorder which renders the SVP **likely to engage** in predatory behavior. Appellant does not challenge that determination.

¶ 3 Because Appellant has challenged only one evidentiary insufficiency in his SVP classification, one which is not a requirement thereof, we find no merit to his appeal.

¶ 4 Judgment of sentence affirmed.