J. S55011/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :       IN THE SUPERIOR COURT OF
                                               :               PENNSYLVANIA
                     v.           :

DAVID ALLEN BILLE,              :          No. 1962 WDA 2014
                                             :
               Appellant     :

Appeal from the Judgment of Sentence, October 28, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002982-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 18, 2015**

David Allen Bille appeals from the judgment of sentence of October 28, 2014, following his convictions of one count of endangering the welfare of children, three counts of indecent assault, and one count of corruption of minors.[1]  We affirm.

The trial court articulated the facts and procedural history of this case as follows:

> Appellant was convicted of sexually assaulting his step-daughter, S.S.  The first assault occurred when S.S. was six years old and living with appellant, her mother, and older brother.  On that occasion, appellant instructed S.S. to touch his penis, and she complied.  During the assault, S.S.'s

---

\* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4304(a)(1), 3126(a)(7) and 6301(a)(1)(i), respectively.

mother was not home and her brother was in his bedroom.

Appellant assaulted S.S. a second time when she was eight or nine years old. Appellant instructed S.S. to sit on his lap and he began touching her breasts and vaginal area. At the time of the assault, S.S.'s mother was not home and her older brother was in the basement playing video games.

Another assault occurred while S.S. was in her bedroom. Appellant entered her room while she was partially unclothed and instructed her to sit on the knob of the foot of her bed. Appellant then placed his hand over her vagina and told her this would relax her. S.S.'s mother was not home, and her brother was in the basement.

The last assault occurred when S.S. was 11. While S.S. was on a couch in the living room, appellant placed his hand over her vaginal area. As S.S. struggled to get away, appellant lifted up her shirt and bra and placed his hands over her exposed breasts. After S.S. ended up on the floor, appellant straddled her and pressed his penis against her lower abdomen/pelvic area.

On June 20, 2014, following a two-day jury trial, appellant was found guilty of the foregoing offenses. Appellant was also found not guilty of indecent exposure. This Court subsequently ordered a sexual violent predator (SVP) assessment pursuant to Pennsylvania's version of "Megan's Law," the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10 *et. seq.*

Appellant's SVP hearing was held on October 28, 2014. At that time, Brenda A. Manno, a licensed clinical social worker and board member of the Pennsylvania Sexual Offender Assessment Board, testified to a reasonable degree of professional certainty that appellant met the statutory criteria for classification as a sexually violent predator. At the

conclusion of the SVP hearing, this Court found that appellant was a sexually violent predator.

Following the SVP hearing, appellant was sentenced to the following terms of incarceration: 6 to 12 months' incarceration at Count 1 (endangering welfare of child); a term of 2 to 4 months' incarceration at Count 3 (indecent assault), consecutive to Count 1; and, a term of 2 to 4 months' incarceration at Count 4 consecutive to Counts 1 and 3, above.

Trial court opinion, 2/27/15 at 1-2 (citations omitted). Appellant filed notice of appeal on December 1, 2014, and provided a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and the trial court filed an opinion.

Appellant raises the following issues for our review:

1. The Honorable Trial Court committed reversible error of law by ruling to exclude, as irrelevant, any mention of a report that was made by the Office of Children and Youth, which concluded that the allegations in this case were unfounded.

2. The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments by relying on facts not in evidence to determine that the Defendant was a Sexually Violent Predator. The Honorable Trial Court relied exclusively on Ms. Manno's determination that the Defendant was a Sexually Violent Predator. Ms. Manno did not review the trial transcripts, she did not meet with the Defendant, and the report contained several errors. Ms. Manno relied on preliminary hearing transcripts, criminal complaint, and probable cause affidavit in

making her determination, not evidence presented at trial.

3.   The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments by classifying the Defendant to be a Sexually Violent Predator. The Commonwealth's burden of Clear and Convincing evidence was not met because the Commonwealth did not provide evidence that the Defendant was likely to reoffend. Furthermore, the factors contained in the statute weigh heavily in the Defendant's favor.

4.   The Honorable Trial Court abused its discretion and violated the Defendant's 14th Amendment Due Process rights by not granting Defendant's continuance prior to the Sexually Violent Predator Determination Hearing, so the Defendant could find a qualified expert to rebut Ms. Manno's testimony. The continuance did not prejudice the Commonwealth in any way.

5.   The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments because the evidence was insufficient to warrant a GUILTY verdict on the Charges of Endangering the Welfare of Children, Three (3) Counts of Indecent Assault, and Corruption of Minors. The Defendant was found NOT GUILTY of Indecent Exposure on the same factual basis as one of the Counts of Indecent Assault.

Appellant's brief at 5-6.

Appellant's first issue for our review is whether the trial court erred in denying appellant's request to introduce the Office of Children and Youth ("OCY") report which indicated that the victim's allegations were unfounded.

The trial court stated that the introduction of such evidence by defense counsel would amount to vouching. (Notes of testimony, 6/19/14 at 8.)

Our standard of review for the admissibility of evidence is as follows:

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error in judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Fischere*, 70 A.3d 1270, 1275 (Pa.Super. 2013) (*en banc*) (internal quotation marks and citations omitted), *appeal denied*, 83 A.3d 167 (Pa. 2013).

We agree with the trial court that the OCY report is inadmissible. The trial court found the OCY report to be inadmissible as "basically vouching." (Notes of testimony, 6/18/14 at 8.) It is well settled that vouching is a form of *prosecutorial* misconduct, occurring when a prosecutor "places the government's prestige behind a witness through personal assurances as to the witness's truthfulness, and when it suggests that information not before the jury supports the witness's testimony." *Commonwealth v. Reid*, 99 A.3d 427, 447 (Pa. 2014), citing *Commonwealth v. Williams*, 896 A.2d 523, 541 (Pa. 2006). Therefore, the report cannot be a form of vouching because the defense sought to present it.

However, the trial court also recognized that the OCY report is inadmissible because it is irrelevant. OCY operates under the Child Protective Services Law ("CPSL"). "***The [CPSL] does not provide for legal determinations of abuse***; it is mainly a vehicle for reporting abuse and bringing quickly into play those services (including court hearings) available through county protective service facilities for the care of the child." ***In Interest of J.R.W.***, 631 A.2d 1019, 1022 (Pa.Super. 1993) (emphasis added). Due to the fact that the CPSL has a different objective compared to the criminal justice system, the OCY report is irrelevant and appellant's argument is without merit.

Appellant's next three issues address his classification as a sexually violent predator ("SVP"). For the purposes of this appeal, we shall consider all three of his issues raised relating to his classification as a sexually violent predator together.

Our standard of review for SVP determinations is as follows:

> [An SVP] is a person who has been convicted of a sexually violent offense set forth in Section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition . . . that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that

> makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Predatory conduct is defined as an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element."

**Commonwealth v. Stephens**, 74 A.3d 1034, 1038-1039 (Pa.Super. 2013) (citations and quotations omitted).

First, we address whether the trial court erred by relying on facts that were not admitted into evidence during the trial. Specifically, appellant argues that the trial court, in making its determination of whether appellant was to be classified as an SVP relied exclusively on Brenda Manno's testimony. (Appellant's brief at 8.) Appellant alleges that Manno did not review any evidence that was presented at trial, nor did she read the trial transcripts; she also used inaccurate information as to appellant's criminal and medical history. (**Id.** at 8-9.)

We find that the trial court did not commit reversible error by relying exclusively on Manno's testimony. In **Commonwealth v. Prendes**, 97 A.3d 337, 345 (Pa.Super. 2014), **appeal denied** 105 A.3d 736 (Pa. 2014), this court considered the sufficiency of the evidence in a sexually violent

predator determination based on a trial court's sole reliance on the Commonwealth's expert witness. Much like the instant appeal, the expert witness in **Prendes** formed her opinion based on her review of the arrest warrant, affidavit of probable cause, police reports, victim's statements, the Pennsylvania Sexual Offender Assessment Board ("Board") investigator's reports, and several other documents.[2] **Id.** at 346. Similar to the present case, the expert in **Prendes** did not interview the defendant because he declined to be interviewed. **Id.** at 346. The **Prendes** court held that the trial court did not err in classifying the defendant as an SVP based solely on the testimony of the Commonwealth's expert. **See also Commonwealth v. Dixon**, 907 A.2d 533, 535 (Pa.Super. 2006) (the Commonwealth's expert did not review trial transcripts when determining the defendant to be an SVP). We, therefore, find that the trial court's reliance on Manno's testimony is not a reversible error.

Appellant also raises the issue of several mistakes that he alleges Manno made during her testimony. Specifically, appellant claims that Manno's report included inaccurate information about appellant's criminal history and his medical history. In her report, Manno noted that appellant had been convicted of a summary offense. (Notes of testimony, 10/28/14 at 27.) After defense counsel established that the summary offense conviction

---

[2] We also note that the expert in **Prendes** did not review the transcript of the defendant's guilty plea colloquy when making her determination. **Id.** at 349.

was mistakenly attributed to appellant, Manno admitted on the record that the attribution was made in error. (*Id.* at 30.) Manno also testified that she only had access to appellant's medical records that were contained in her investigator's report. (*Id.* at 32.)

A challenge such as this addresses Manno's credibility as a witness. We cannot assume the task of weighing the evidence as part of our review of the trial court's determination as the weighing of evidence is solely within the trial court's purview. *See Commonwealth v. Meals*, 912 A.2d 213, 223 (Pa. 2006) ("The task of the Superior Court is one of review, and not of weighing and assessing evidence in the first instance."). The trial court was in a position where it heard not only Manno's testimony, but it also considered the evidence presented at trial when making its SVP determination. Specifically, the trial court reviewed "the record, all of the relevant statutory provisions, and credited Ms. Manno's testimony and her report." (Trial court opinion, 2/27/15 at 11.) Therefore, we find that appellant's claim that the trial court committed reversible error when it relied on Manno's testimony and report is without merit.

Second, we consider whether the Commonwealth met its burden of clear and convincing evidence. Our standard of review for the sufficiency of evidence in an SVP determination hearing is as follows:

> At the SVP hearing, the Commonwealth has the burden of proving by clear and convincing evidence that the person meets the criteria to be designated as an SVP. This burden of proof has

been described as an intermediate test, falling below the highest level of proof, beyond a reasonable doubt, but above the preponderance of the evidence standard. Evidence will meet this level of proof if it is so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue.

**Stephens**, 74 A.3d at 1039 (citations omitted). We are required to view all evidence presented in the light most favorable to the Commonwealth, and are prohibited from substituting our own judgment for that of the trial court. **Commonwealth v. Plucinski**, 868 A.2d 20, 25 (Pa.Super. 2005) (citations omitted).

Upon a defendant's conviction of a crime requiring a determination as to whether the defendant is to be classified as an SVP, the Board conducts an assessment in which the following factors are considered:

**§ 9799.24 Assessments**

. . . .

**(b)** **Assessment.--**Upon receipt from the court of an order for an assessment, a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

- 10 -

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

      (ii)    Use of illegal drugs.

      (iii)   Any mental illness, mental disability or mental abnormality.

      (iv)   Behavioral characteristics that contribute to the individual's conduct.

    (4)    Factors that are supported in a sexual offender assessment related to the risk of re-offense.

42 Pa.C.S.A. § 9799.24. An individual is designated as an SVP after he or she is convicted of a sexually violent offense and, following an assessment as mandated by Section 9799.24, is deemed to have "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12.

In the present case, Manno compiled her report based on Child Line records, the police report, the criminal complaint, the affidavit of probable cause, the preliminary hearing transcript, appellant's driving records, and the Board investigator's report. (Notes of testimony, 10/28/14 at 11.) Manno concluded that appellant suffers from an unspecified paraphilic disorder.[3] (*Id.* at 14.) Specifically, Manno testified that the presence of

---

[3] According to Manno's testimony, an unspecified paraphilic disorder is diagnosed when there is "a period of at least six months with recurrent, intense sexually arousing fantasies, urges, or behaviors involving a . . . child." (*Id.*)

such a disorder made appellant more likely to offend in the future.  (***Id.*** at 15.)

Appellant states that Manno reached her conclusion without ever meeting with appellant or reviewing the evidence presented at trial. (Appellant's brief at 12.)  Appellant further states that Manno's conclusion could have "been easily refuted" if appellant had been able to procure his own expert.  (***Id.***)  This court has repeatedly held that experts may sufficiently deem defendants to be SVPs without actually meeting with them or reviewing the evidence presented at trial or allocuted to during guilty plea colloquies.  ***See***, ***e.g.***, ***Commonwealth v. Morgan***, 16 A.3d 1165 (Pa.Super. 2011) (finding the Commonwealth's evidence sufficient to warrant an SVP determination despite the defendant's refusal to meet with the Commonwealth's expert).  Therefore, appellant's claim that the evidence is insufficient to warrant an SVP determination is without merit.

Third, we consider whether the trial court erred when it denied appellant's request for a continuance in order to obtain expert testimony. The decision to grant a continuance is in the sole discretion of the trial court and will only be reversed upon an abuse of that discretion. ***Commonwealth v. Brooks***, 104 A.3d 466, 469 (Pa. 2014) (citations omitted).  We agree with the trial court that appellant's request for a continuance in order to hire an expert was untimely, and accordingly affirm

based on the trial court's opinion for this issue. (**See** trial court opinion, 2/27/15 at 6-7.)

Finally, appellant challenges whether the evidence at trial is sufficient to warrant convictions for endangering the welfare of children, indecent assault, and corruption of minors.

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

**Commonwealth v. Stokes**, 78 A.3d 644, 649 (Pa.Super. 2013) (citations omitted). The Commonwealth may satisfy its burden of proving a defendant's guilt beyond a reasonable doubt by using wholly circumstantial evidence. **Commonwealth v. Diggs**, 949 A.2d 873, 877 (Pa. 2008).

In the instant case, after reviewing the evidence presented, cast in the light most favorable to the Commonwealth, as verdict winner, we find that

the evidence is sufficient to warrant the jury's convictions for endangering the welfare of children, indecent assault, and corruption of minors.

Endangering the welfare of children is defined as, "[a] parent, guardian, or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection, or support."  18 Pa.C.S.A. § 4304(a)(1).  This court has established a three-part test for determining whether the elements of endangering the welfare of children have been met:

> (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Commonwealth v. Bryant*, 57 A.3d 191, 197 (Pa.Super. 2012) (citations omitted).

In order to obtain a conviction for indecent assault, the Commonwealth must prove beyond a reasonable doubt that the defendant had, "indecent contact with the complainant or causes the complainant to have indecent contact with the [defendant], and . . . the complainant is less than 13 years of age."  18 Pa.C.S.A. § 3126(a)(7).

This court has previously stated that the uncorroborated testimony of a victim of a sexually based offense is sufficient to uphold a conviction, so long as the testimony is believed by the trier-of-fact.  *Commonwealth v.*

*Trippett*, 932 A.2d 188, 194 (Pa.Super. 2007), citing *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa.Super. 2006). A fact-finder is free to believe all, part, or none of the evidence, including uncorroborated testimony, presented. *Commonwealth v. Mosley*, 114 A.3d 1072, 1087 (Pa.Super. 2015) (citations omitted). Therefore, how much credibility and weight is given to uncorroborated testimony is fully within the exclusive purview of the fact-finder.

In the instant case, the jury heard the victim's uncorroborated testimony regarding three separate encounters with appellant. Through her testimony, the Commonwealth proved all three elements of endangering the welfare of children beyond a reasonable doubt. During all three of the encounters with appellant to which the victim testified, appellant was the only adult present in the home during the assaults. Based upon the victim's testimony, the Commonwealth proved beyond a reasonable doubt that appellant owed a duty to the victim and violated that duty on the three occasions that he assaulted her. *See Bryant*, 57 A.3d at 199. The jury, in voting to convict appellant of all crimes charged with the exception of indecent exposure, found the victim's testimony to be credible, thereby warranting a conviction. Therefore, we find that appellant's sufficiency of the evidence claim, as it pertains to the endangering the welfare of children charge, has no merit.

Finally, we address the corruption of minors charge. "[W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . . commits a misdemeanor of the first degree." 18 Pa.C.S.A. § 6301(a)(1)(i). This court has previously upheld a conviction for corruption of minors under Section 6301(a)(1)(i). **Commonwealth v. Kelly**, 102 A.3d 1025, 1032 (Pa.Super. 2014) (**en banc**). The defendant in **Kelly** was convicted of indecent assault, which the court determined was sufficient to justify a conviction for corruption of minors. **Id.** In the instant case, appellant was convicted of three counts of indecent assault; therefore, there is sufficient evidence to warrant his conviction for corruption of minors.

Appellant also raises the argument that the jury produced an inconsistent verdict. Specifically, appellant notes that the jury acquitted him of a charge of indecent exposure "on the same factual basis as one of the counts of indecent assault." (Appellant's brief at 6.) This argument holds no merit. Both the United States Supreme Court and the Pennsylvania Supreme Court have cautioned against appellate review of inconsistent verdicts. "[T]he fact that the inconsistency [in the verdict] may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." **Commonwealth v. Miller**, 35 A.3d 1206, 1209 (Pa. 2012), quoting **United**

*States v. Powell*, 469 U.S. 57, 65 (1984).  Therefore, appellant's argument relating to inconsistent verdicts has no merit.

Judgment of sentence affirmed.


Bender, P.J.E. joins the Memorandum.

Strassburger, J. files a Concurring Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2015

COMMONWEALTH OF PENNSYLVANIA, : IN THE COURT OF COMMON PLEAS
    Appellee : OF ERIE COUNTY, PENNSYLVANIA
          : CRIMINAL DIVISION
    V.
          :
DAVID ALLEN BILLE,       :
    Appellant       : No. 2982 OF 2013

## 1925(a) OPINION

Garhart, J., February 27 , 2015

Appellant, David Allen Bille, appeals from the judgment of sentence entered on October 28, 2014, following his conviction of one count of endangering welfare of children, three counts of indecent assault, and one count of corruption of minors.[1] Based upon the following, this Court respectfully requests the Honorable Superior Court affirm his judgment of sentence.

## I. BACKGROUND OF THE CASE

Appellant was convicted of sexually assaulting his step-daughter, S.S. The first assault occurred when S.S. was six-years old and living with Appellant, her mother and older brother. N.T. Trial (Day 2), 06/20/14, at 6. On that occasion, Appellant instructed S.S. to touch his penis, and she complied. *Id.*, at 6, 8-10. During the assault, S.S.'s mother was not home and her brother was in his bedroom. *Id.*, at 7-8.

Appellant assaulted S.S. a second time when she was eight or nine-years old. Appellant instructed S.S. to sit on his lap and he began touching her breasts and vaginal area. *Id.*, at 14, 16. At the time of the assault, S.S.'s mother was not home and her older brother was in the basement playing video games. *Id.* at 15, 17.

Another assault occurred while S.S. was in her bedroom. Appellant entered her room while she was partially unclothed and instructed her to sit on the knob of the foot of her bed. *Id.*,

---

[1] 18 Pa.C.S.A. §§4304(a), 3126(a)(7) and 6301(a)(1)(i), respectively.

at 18, 20. Appellant then placed his hand over her vagina and told her this would relax her. *Id.,* at 18, 20. S.S.'s mother was not home, and her brother was in the basement. *Id.,* at 18.

The last assault occurred when S.S. was 11. While S.S. was on a couch in the living room, Appellant placed his hand over her vaginal area. *Id.,* at 22-23. As S.S. struggled to get away, Appellant lifted up her shirt and bra and placed his hands over her exposed breasts. *Id.,* at 23. After S.S. ended up on the floor, Appellant straddled her and pressed his penis against her lower abdomen/pelvic area. *Id.,* at 23.

On June 20, 2014, following a two-day jury trial, Appellant was found guilty of the foregoing offenses. Appellant was also found not guilty of indecent exposure. This Court subsequently ordered a sexual violent predator (SVP) assessment pursuant to Pennsylvania's version of "Megan's Law", the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §9799.10 *et. seq.* ("SORNA").

Appellant's SVP hearing was held on October 28, 2014. At that time, Brenda A. Manno, a licensed clinical social worker and board member of the Pennsylvania Sexual Offender Assessment Board, testified to a reasonable degree of professional certainty that Appellant met the statutory criteria for classification as a sexually violent predator. N.T. SVP and Sentencing, 10/28/14, at 17. At the conclusion of the SVP hearing, this Court found that Appellant was a sexually violent predator. *Id.,* at 68.

Following the SVP hearing, Appellant was sentenced to the following terms of incarceration: 6 to 12 months' incarceration at Count 1 (endangering welfare of child); a term of 2 to 4 months' incarceration at Count 3 (indecent assault), consecutive to Count 1; and, a term of 2 to 4 months' incarceration at Count 4 consecutive to Counts 1 and 3, above.

On December 1, 2014, Appellant filed a Notice of Appeal. On December 3, 2014, this Court ordered that Appellant file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925. Appellant complied on January 30, 2015, and raises the following issues on appeal[2]:

(1)    The Honorable Trial Court committed reversible error of law by ruling to exclude, as irrelevant, any mention of a report that was made by the Office of Children and Youth, which concluded that the allegations in this case were unfounded.

(2)    The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments because the evidence was insufficient to warrant a GUILTY verdict on the Charges of Endangering the Welfare of Children, Three (3) Counts of Indecent Assault, and Corruption of Minors. The Defendant was found NOT GUILTY of Indecent Exposure on the same factual basis as one of the Counts of Indecent Assault.

(3)    The Honorable Trial Court abused its discretion and violated the Defendant's 14th Amendment Due Process rights by not granting Defendant's continuance prior to the Sexually Violent Predator Determination Hearing, so the Defendant could find a qualified expert to rebut Ms. Manno's testimony. The continuance did not prejudice the Commonwealth in any way.

(4)    The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments by relying on facts not in evidence to determine that the Defendant was a Sexually Violent Predator. The Honorable Trial Court relied exclusively on Ms. Manno's determination that the Defendant was a Sexually Violent Predator. Ms. Manno did not review the trial transcripts, she did not meet with the Defendant, and the report contained several errors. Ms. Manno relied on the preliminary hearing transcripts, criminal complaint, and probable cause affidavit in making her determination, not evidence presented at trial.

(5)    The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments by classifying the Defendant to be a Sexually Violent Predator. The Commonwealth's Burden of Clear and Convincing evidence was not met because the Commonwealth did not provide evidence that the Defendant was likely to reoffend. Furthermore, the factors contained in the statute weigh heavily in the Defendant's favor.

---

[2] Appellant's issues are renumbered for ease of discussion.

(6)     The Honorable Trial Court erred and abused its discretion as well as denied Defendant's Due Process rights guaranteed by the 5th and 14th Amendments by its application of statute 42 Pa.C.S. Section 9795.4 at the SVP hearing.  The trial court['s] application of this statute requires that any person convicted of a listed offense will also be deemed a Sexually Violent Predator. Therefore, the statute was improperly applied to the Defendant in this case, which is reversible error.

(7)     Pennsylvania's Sexually Violent Predator statute is Vague and Overbroad and therefore Defendant should not be considered a Sexually Violent Predator.

Appellant's Rule 1925(b) statement, 01/30/15, at renumbered ¶¶ 1-7.

## II.    DISCUSSION

### A.  Whether the trial court erred in precluding inadmissible evidence?

Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Commonwealth v. Drumheller*, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002)(quotation marks and citation omitted).

Before trial, Appellant requested admission of an Office of Children and Youth ("OCY") investigation, which determined that S.S.'s allegations were unfounded.  N.T. Trial (Day 1), 06/19/14, at 4.   Appellant claimed the OCY employee  and investigating Pennsylvania State Trooper observed an interview at the Crime Advocacy Center. *Id.,* at 5.  Appellant claimed the OCY determination was relevant because the OCY employee was trained, from a Commonwealth agency, and involved in an investigation with the state trooper. *Id.*, at 5-6.

In reply, the Commonwealth claimed that the OCY employee made a credibility determination based upon their own standards, which was not relevant.  *Id.*, at 7.

After argument, this Court concluded that the evidence is inadmissible because it was a sub-species of vouching. *Id.,* at 7.  Particularly, the Court concluded the following:

4

Here the question for this jury is do they find the evidence credible. The fact that some other person involved in the process might have a different view of the evidence it seems to me is irrelevant. The question is what does this jury think the Commonwealth has met a minimal legal standard of probability cause at the magistrate. I recognize how low that is, it's pretty low. There's no credibility assessment made. But the credibility assessment is to be made by the jury in this trial on this testimony here. What someone else thought at an earlier time if it went to credibility just is a distraction, so I'm not going to allow it. It's basically vouching.

N.T. Trial (Day 1), 06/19/14, at 8.

Based on the above, the OCY report was not relevant to the jury's determination on Appellant's culpability. Accordingly, this issue is meritless.

## B.     Whether the jury verdict is appropriate?

Appellant claims the evidence was insufficient to convict him of the charges because he was found not guilty of indecent exposure. Essentially, Appellant claims that this was an inconsistent verdict. Therefore, the claim will be analyzed as a challenge to the inconsistency of the jury's verdict, rather than a sufficiency of the evidence claim. *See, Commonwealth v. Moore,* 103 A.3d 1240, 1242 n.3 (Pa. 2014), *citing United States v. Powell,* 469 U.S. 57, 67 (1984)(finding that "such challenges are more appropriately characterized as challenges to the inconsistency of the jury's verdict, rather than to the sufficiency of the evidence to sustain a particular conviction".)

> Federal and Pennsylvania courts alike have long recognized that jury acquittals may not be interpreted as specific findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of the defendant's guilt. Rather, it has been the understanding of federal courts as well as the courts of this Commonwealth that an acquittal may merely show lenity on the jury's behalf, or that "the verdict may have been the result of compromise or of a mistake on the part of the jury. Accordingly, the United States Supreme Court has instructed the courts not to make factual findings regarding jury acquittals and, thus, cannot "upset" verdicts by "speculation or inquiry into such matters."
> It is because of the inability to ascertain the rationale behind a jury's decision to acquit a defendant that the United States Supreme Court has proclaimed that

5

"[c]onsistency in the verdict is not necessary," expressly holding that a defendant may not challenge his conviction on one count when it is inconsistent with the jury's verdict or acquittal on another count.

*Moore*, 103 A.3d at 1246-1247 (internal citations and quotation marks omitted).

Here, the fact that Appellant was found not guilty of indecent exposure and guilty of indecent assault does not render the verdict unsound. Pennsylvania law allows inconsistent verdicts. Moreover, the fact that Appellant was found not guilty of indecent exposure cannot be interpreted as a specific regarding the evidence at trial. *Commonwealth v. Miller*, 35 A.3d 1206, 1213 (Pa. 2012)(noting that an acquittal cannot be interpreted as a specific finding in relation to the evidence). Accordingly, this claim is meritless.

### C. Whether the trial Court erred in denying Appellant's untimely request for a sentencing continuance?

On June 20, 2014, Appellant was found guilty of the foregoing offenses. On October 22, 2014, approximately <u>four months after trial and six days before the scheduled hearing</u>, Appellant filed a Motion to Continue. Appellant requested a six week continuance so that he could treat with a psychologist who would then prepare an independent assessment on whether he was a sexual predator. Motion to Continue, 10/22/15, at ¶ 5. Appellant claimed he was attempting to find his own health care professional to conduct an independent examination, and although most health care professional refused, one individual agreed only if he treated Appellant for a number of weeks. *Id.*, at ¶ 6. Appellant claimed the Commonwealth would suffer no prejudice. Id. On October 24, 2014, this Court denied the motion.

During the SVP hearing, Appellant again renewed his request for a sentencing continuance. In support, he noted he was unable to find an expert who did not want to treat

6

### D. Whether Appellant is a sexually violent predator?

In his final four issues on appeal, Appellant challenges the SVP determination. Appellant claims the trial court erred in the following respects: (1) relying exclusively on Ms. Manno's determination when she did not review the trial transcripts or evidence presented at trial. Ms. Manno also failed to meet with Appellant and submitted a report with errors; (2) classifying Appellant as a SVP when the Commonwealth did not provide evidence that he was likely to re-offend; and, (3) application of the SVP statute that requires that any person convicted of a listed offense will also be deemed a SVP. Appellant's Rule 1925 (b) statement, 01/30/15, at renumbered ¶¶ 4-6. Appellant further asserts that Pennsylvania Sexually Violent Predator statute is vague and overbroad. *Id.*, at renumbered ¶ 7.

At the outset, "[w]hen [the Superior Court] reviews the sufficiency of the evidence supporting a determination of SVP status, '[it] will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied'". *Commonwealth v. Fletcher*, 947 A.2d 776 (Pa. Super. 2008), *quoting Commonwealth v. Haughwout*, 837 A.2d 480, 484 (Pa. Super. 2003).

A "sexually violent predator" is defined as an individual convicted of an offense as set forth in Section 9799.14 (relating to sexual offenses and tier system) and who is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. The statute defines "mental abnormality" as a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts

8

to a degree that makes the person a menace to the health and safety of other persons." *Id.* The term "predatory" is defined as an "act directed at a stranger or at a person which whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.*

> The standard of proof governing the determination of SVP status, i.e., clear and convincing evidence, has been described as an intermediate test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt. The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

*Commonwealth v. Bishop*, 936 A.2d 1136, 1141 (Pa. Super. 2007) (internal citations and quotation marks omitted).

Once an individual is convicted of a sexually violent offense, the trial court must order the person to be assessed by the Sexual Offenders Assessment Board. *See* 42 Pa.C.S.A. § 9799.24(a). The Board, in making its assessment, must follow the procedure set forth in 42 Pa.C.S.A. § 9799.24. The relevant portions are as follows:

**§ 9799.24. Assessments**

. . .

(b) Assessment.--Upon receipt from the court of an order for an assessment, a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

9

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24.

Instantly, this Court directed the State Sexual Offender Assessment Board to perform an SVP assessment of Appellant. Ms. Brenda Manno, a licensed clinical social worker and member of the Board, conducted the assessment and prepared a report in which she concluded, to a reasonable degree of professional certainty, that Appellant met the statutory criteria for classification as a sexually violent predator. N.T. SVP Hearing and Sentencing, 10/28/14, at 17.

At the SVP hearing, Ms. Manno explained that she reviewed the following: (1) report from the Board investigator, Nicole Bahr; (2) Child Line Records; (3) police report, criminal

10

complaint, and affidavit of probable cause; (4) preliminary hearing transcript; (5) records from the Pennsylvania Department of Transportation; and, (6) letter of non-participation from the defense attorney. N.T. SVP Hearing and Sentencing, 10/28/14, at 11, 25. She explained the relevant statutory criteria that she considered and rendered her opinion that Appellant suffered from a mental abnormality/personality disorder and met the diagnostic criteria for unspecified paraphilic disorder, which is a lifetime disorder. *Id.*, at 12-16 . Ms. Manno also found that Appellant's paraphilia made it more likely that he would reoffend in a sexual manner. *Id.*, at 15.

Ms. Manno concluded that Appellant's behavior was predatory as defined under the statute. *Id.*, at 15-16. She further concluded that Appellant maintained or promoted his relationship as the victim's step-father to have access to, and sexually victimize her. *Id.*, at 16.

In making its determination, this Court considered the record, all of the relevant statutory provisions, and credited Ms. Manno's testimony and her report. The fact that Ms. Manno did not interview Appellant is not dispositive, especially since Appellant notified the Board on or about June 24, 2014, that he was refusing to participate in the interview process. Any purported errors contained in the report had no bearing on the SVP determination. N.T. SVP Hearing and Sentencing, 10/28/14, at 29-30, 58-59. Furthermore, the fact that Ms. Manno did not review the trial transcripts, which were not transcribed until January of 2015, and instead relied on other credible evidence, does not impact her determination. Finally, despite Appellant's argument to the contrary, Ms. Manno's determined that Appellant had the likelihood of reoffending. N.T. SVP Hearing and Sentencing, 10/28/14, at 15; *See also,* 8/28/14 Sexually Violent Predator Assessment, at 3-4.

The fact that some of the enumerated assessment factors under Section 9799.24 may not have been present is not dispositive because "there is no statutory requirement that all of them or

11