J-S18037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD MICHAEL DASCH | : | |
| | : | |
| Appellant | : | No. 1289 MDA 2015 |

Appeal from the Judgment of Sentence June 24, 2015,
in the Court of Common Pleas of Schuylkill County,
Criminal Division, at No(s): CP-54-CR-0000477-2014
CP-54-CR-0000679-2014

BEFORE: BOWES, LAZARUS, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.: **FILED MARCH 23, 2016**

Richard Michael Dasch (Appellant) appeals from the judgment of sentence entered following his entry of negotiated guilty pleas to various offenses related to the sexual abuse of his minor nieces. We affirm.

Appellant entered the above pleas on February 18, 2015.[1] Appellant was sentenced and designated a sexually violent predator (SVP) for purposes of the Sexual Offender Registration and Notification Act (SORNA)[2] on June 24, 2015. This appeal followed.

---

[1] Specifically, Appellant pled guilty to one count each of corruption of minors and indecent assault – person under 16, at docket number CP-54-CR-0000477-2014 (477-2014), and two counts each of corruption of minors and indecent assault - person under 13, at docket number CP-54-CR-0000679-2014 (679-2014). The cases were consolidated prior to the entry of Appellant's pleas.

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

*Retired Senior Judge assigned to the Superior Court.

Though Appellant purports to raise three issues on appeal, he dedicates his argument to the sole contention that there is no evidence establishing that he engaged in "predatory" behavior as defined by SORNA[3] in committing the crimes at issue herein and, thus, there is no basis upon which to conclude that he is "likely to engage in predatory sexually violent offenses" as required to be designated an SVP. Appellant's Brief at 6-7.

SORNA defines an SVP, in relevant part, as an individual convicted of an enumerated offense "who … is determined to be [an SVP] under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12.

In **Commonwealth v. Fletcher**, 947 A.2d 776 (Pa. Super. 2008), this Court was presented with the substantially similar issue of "whether the SVP designation was supported where there was insufficient evidence that Appellant engaged in predatory behavior in the assaults on his niece." **Id.** at 776. In rejecting this claim, the Court explained that the definition of SVP[4]

_____

[3] SORNA defines "predatory" as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12.

[4] The definition of SVP applicable in **Fletcher** similarly provided that an SVP was "'[a] person who has been convicted of a sexually violent offense as set forth in [42 Pa.C.S.A. section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under [42 Pa.C.S.A.] section 9795.4 (relating to assessments) due to a mental abnormality or personality

contains no requirement for a determination that the SVP engaged in predatory behavior in the instant offense. The statutory definition of "predatory," about which the arguments before us revolve, is relevant only in that an SVP must be found to have a mental abnormality or personality disorder which renders the SVP **likely to engage** in predatory behavior.

*Id.* at 776-77 (footnote omitted; emphasis in original). The Court further noted that although "[t]he circumstances of the instant offense are material to the SVP assessment process[,] there is simply not a requirement that the offense be found to have been 'predatory.'" *Id.* at 776 n.1 (citation omitted).

Likewise, Appellant's instant challenge to his SVP designation rests solely on the contention that the evidence failed to establish that he engaged in predatory behavior in committing the crimes against his nieces. Because this is not required in order for an individual to be classified as an SVP, Appellant's claim fails. *See id.* at 777 ("[As] Appellant has challenged only one evidentiary insufficiency in his SVP classification, one which is not a requirement thereof, we find no merit to his appeal."). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

disorder that makes the person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792." *Fletcher*, 947 A.2d at 776.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016