J-S17027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT YANT | |
| Appellant | No. 1393 EDA 2016 |

Appeal from the Judgment of Sentence April 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002716-2015

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2017**

Appellant, Vincent Yant, appeals from the April 15, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") sentencing Appellant to 3½-7 years' incarceration followed by 10 years' probation, and classifying Appellant as sexually violent predator ("SVP") for false imprisonment, stalking, indecent assault, indecent exposure, and harassment.[1]  Appellant is challenging the trial court's classification of Appellant as an SVP.  Upon review, we affirm.

Briefly, Appellant was arrested on November 16, 2014, in connection with two incidents, one on August 31, 2014, and another on October 26, 2014.  During the first incident, Appellant "followed the seventeen year old

---

[1] 18 Pa.C.S.A. §§ 2903, 2790.1, 3126, 3127, and 2709 respectively.

female victim, a stranger to him, after she got off public transportation, grabbed her[,] and attempted to drag her into an empty lot and assault her; the victim's screams caught the attention of a passerby." Trial Court Opinion, 8/15/16, at 2. In the second incident, Appellant "followed the victim, also a stranger to him, after she exited public transportation, exposed himself and began masturbating, then fled." *Id.*

Appellant entered a negotiated guilty plea on October 13, 2015, during which he was made aware that he would be subject to an SVP assessment. The trial court held an SVP hearing on April 15, 2016, after which the trial court found Appellant to be an SVP. Appellant did not file any post-sentence motions but filed a timely notice of appeal on April 27, 2016. Appellant's trial counsel filed a motion to withdraw, which the trial court granted on May 13, 2016, and appointed appellate counsel. On June 1, 2016, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b). After granting Appellant an extension, Appellant filed a Rule 1925(b) statement on July 18, 2016. The trial court entered a Pa.R.A.P. 1925(a) opinion on August 15, 2016.

Appellant raises one issue on appeal: "Was the evidence insufficient to support the finding that Appellant was an SVP?" Appellant's Brief at 3. Our standard of review for a sufficiency challenge to an SVP designation is well established.

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any

sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015) (quoting *Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa. Super. 2011), *aff'd*, 78 A.3d 1044) (Pa. 2013) (citation omitted) (alteration in original)).

After a defendant has been convicted of an enumerated offense,[2] the trial court orders the Sexual Offender Assessment Board ("SOAB") to conduct an assessment to determine whether a defendant should be designated an SVP. *Id.* (citing *Commonwealth v. Stephens*, 84 A.3d 1034, 1038-39 (Pa. Super. 2013)). At the SVP hearing the Commonwealth must establish that the defendant has been convicted of an enumerated offense, and has "a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. . .. Moreover, there must be a showing that the defendant's conduct was predatory." *Id.* (quoting *Stephens* 84 A.3d at 1038-39). When conducting the assessment, the SOAB is required to address a number of factors. 42 Pa.C.S.A. § 9799.24(b).[3] Additionally, the Commonwealth's expert is

_____

[2] *See* 42 Pa.C.S.A. § 9799.14.

[3] An assessment shall include, but not be limited to, an examination of the following:

    (1)   Facts of the current offense, including:

*(Footnote Continued Next Page)*

- 3 -

*(Footnote Continued)* ——————

    (i)    Whether the offense involved multiple victims.

    (ii)   Whether the individual exceeded the means necessary to achieve the offense.

    (iii)   The nature of the sexual contact with the victim.

    (iv)   Relationship of the individual to the victim.

    (v)   Age of the victim.

    (vi)   Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

    (vii)   The mental capacity of the victim.

(2)   Prior offense history, including:

    (i)   The individual's prior criminal record.

    (ii)   Whether the individual completed any prior sentences.

    (iii)   Whether the individual participated in available programs for sexual offenders.

(3)   Characteristics of the individual, including:

    (i)   Age.

    (ii)   Use of illegal drugs.

    (iii)   Any mental illness, mental disability or mental abnormality.

    (iv)   Behavioral characteristics that contribute to the individual's conduct.

(4)   Factors that are supported in sexual offender assessment field as criteria reasonably related to the risk of re-offense.

42 Pa.C.S.A. § 9799.24.

required to give an opinion regarding the defendant's propensity to reoffend. ***Hollingshead***, 111 A.3d at 189.

In the matter *sub judice*, the Commonwealth presented the report of Dr. Barry Zakireh of the SOAB.[4]  ***See*** N.T. Sentencing, 4/15/16, at Ex. C-1. After review of the record, including the report of Dr. Zakireh, the briefs, and the law, the trial court's August 15, 2016 opinion adequately addresses Appellant's sufficiency claim.  Appellant was convicted of an enumerated offense, the report of Dr. Zakireh addresses all of the factors listed in section 9799.24(b) of the act, Dr. Zakireh determined that Appellant has a personality disorder that makes Appellant likely to engage in predatory conduct, and Appellant's conduct was predatory in nature.  ***See id.***

In conclusion, we find that Appellant's claim is meritless.  Therefore we affirm the judgment of sentence.  We direct that a copy of the trial court's August 15, 2016 opinion be attached to any future filings in this case.

---

[4] The parties stipulated as to the admissibility of the report and that if called to testify Dr. Zakireh would testify consistent to the report.  N.T. Sentencing, 4/15/16, at 8.  The trial court admitted the report into evidence as Ex. C-1. ***Id.***

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2017

**COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

COMMONWEALTH OF PENNSYLVANIA

v.

VINCENT YANT

:
:
:
:
:
:
:
:
:

CP-51-CR-0002716-2015

**FILED**

AUG 1 5 2016

Criminal Appeals Unit
First Judicial District of PA

Appeal No.: 1393 EDA 2016

OPINION

Appellant, Vincent Yant, appeals from the judgment of sentence entered on April 15, 2016, and the Court's determination that he meets the criteria for classification as a Sexually Violent Predator based upon the evaluation by the Sexual Offender Assessment Board. A summary of the facts and procedural history follows.

Appellant was accepted into the Mental Health Court (MHC) on July 11, 2013 after a mental health and psychiatric evaluation determined that he was not competent to go to trial on robbery and related charges. As is the policy in MHC, appellant's case was reviewed every 30-60 days to monitor his mental health treatment and competency. Appellant subsequently regained competency, and, on April 10, 2014, entered a guilty plea to robbery in exchange for a sentence of 11 ½-23 months incarceration followed by 4 years probation (CP-51-CR-0008263-2012). Appellant was reported to be in compliance with his treatment and medication programs at the 5/22/14, 6/2/14, 7/3/14, 8/21/14, 9/4/14 and 10/2/14 review hearings. On

1

November 16, 2014, appellant was arrested and charged with criminal attempt – kidnaping for ransom; unlawful contact with a minor – sexual offense; unlawful restraint/serious bodily injury, false imprisonment; stalking – repeatedly commit acts to cause fear; simple assault; recklessly endangering another person; harassment – subject other to physical contact; and indecent assault, with a criminal act of 10/26/14 (CP-51-CR-0002716-2015).[1] On that same date, appellant was also charged with indecent exposure and harassment with a criminal act date of August 31, 2014 (MC-51-CR-0039181-2014).[2] The new arrests represented potential direct violations of the robbery sentence, and a violation hearing was scheduled before the Court. Pursuant to a rule 701 motion for consolidation, the new charges were transferred to MHC, and, on October 13, 2015, following a thorough colloquy, appellant entered a negotiated guilty plea to false imprisonment, stalking, indecent assault, indecent exposure and harassment. The facts to which appellant pleaded guilty were, in CP-51-CR- 0002716-2015, that he followed the seventeen year old female victim, a stranger to him, after she got off of public transportation, grabbed her and attempted to drag her into an empty lot and assault her; the victim's screams caught the attention of a passerby, and in MC-51-CR-0039181-2014, that he followed the victim, also a stranger to him, after she exited public transportation, exposed himself and began masturbating, then fled. Appellant was also made aware that the guilty plea would subject him to a sexually

---

[1] 18 Pa.C.S.A. §§§ 901(a); 6318 (a)(1); 2902 (a)(1); 2903 (a); 2709.1 (a)(1); 2701(a); 2705; 2709 (a)(1); and 3126 (a)(2), respectively.
[2] 18 Pa.C.S.A. §§ 3127 (a); 2709 (a)(1)

2

violent predator (SVP) assessment pursuant to Pennsylvania's version of "Megan's Law," the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10 et. seq. (the Act). Sentencing was deferred pending receipt of a presentence investigation report, guideline calculation, mental health evaluation and a Megan's Law assessment.

Appellant's SVP hearing was held on April 15, 2016. At that time, there was a stipulation by and between counsel that if Barry Zakireh, Ph.D., a duly appointed member of the Pennsylvania Sex Offender Assessment Board (SOAB), was present, he would testify consistent with the report, and, instead of live testimony, counsel would just refer to the report. In his report, Dr. Zakireh determined to a reasonable degree of professional certainty that appellant met the statutory criteria for classification as a sexually violent predator. The Court thoroughly reviewed the report from Dr. Zakireh and appellant's comments to the Court at the hearing. At the conclusion of the SVP hearing, the Court found that the Commonwealth has met its burden and that appellant met the criteria to be classified as a sexually violent predator. Thereafter, appellant was sentenced to 3 ½-7 years incarceration followed by 10 years probation.[3] This appeal followed.

Appellant first complains that the evidence was insufficient to sustain the finding that he is a sexually violent predator. As a general rule, [the] standard of review of a trial court's evidentiary ruling ... is limited to

---

[3] The violation hearing was conducted following the SVP hearing. Appellant was found to be in direct violation of his probation.

3

determining whether the trial court abused its discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Commonwealth v. Dengler, 586 Pa. 54, 65, 890 A.2d 372, 379 (2005). The scope of review is plenary. Commonwealth v. Brooks, 7 A.3d 852 (Pa.Super.2010). A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. Commonwealth v. Prendes, 2014 PA Super 151, 97 A.3d 337, 356, (2014) citing Commonwealth v. Meals, 590 Pa. 110, 119, 912 A.2d 213, 218 (2006). The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. Id.

A "sexually violent predator" is defined, in pertinent part, as "[a] person who has been convicted of a sexually violent offense ... and who is determined to be a sexually violent predator under section [9799.24] (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9792; Commonwealth v. Fletcher, 947 A.2d 776, 776–77 (Pa.Super.2008). The process of determining SVP status is statutorily-mandated and well-defined. To deem an individual a sexually violent predator, the Commonwealth must first show that [the individual] has been convicted of a sexually violent offense as set forth in 42 Pa.C.S.A. § 9799.14. Commonwealth v. Askew, 907

4

A.2d 624, 629 (Pa.Super.2006). Secondly, the Commonwealth must show by clear and convincing evidence that the individual has a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses. Id. An expert's opinion, which is rendered to a reasonable degree of professional certainty, is itself evidence. Commonwealth v. Fuentes, 991 A.2d 935, 944 (Pa.Super.2010). At the core of the expert's assessment is a detailed list of factors, which are mandatory and are designed as "criteria by which ... [the] likelihood [of reoffense] may be gauged." Commonwealth v. Bey, 841 A.2d 562, 566 (Pa.Super.2004); Commonwealth v. Dixon, 907 A.2d 533, 535–36 (Pa.Super.2006). The following factors should be considered:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

5

(ii) Use of illegal drugs by the individual.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender

(i) assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9795.4(b). Commonwealth v. Askew, 2006 PA Super 239, 907 A.2d 624, 629-30 (2006).

When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's status as an SVP.

Here, the first criteria was met. Appellant entered a knowing intelligent and voluntary guilty plea to indecent assault, a tier II sexual offense under 42 Pa.C.S.A. § 9799.14, as evidenced by the extensive colloquy and the signed guilty plea forms. (N.T. 10/13/16/ pg. 5-19) Therefore, following appellant's guilty plea, but before sentencing, the Court was required to order that appellant be assessed by the SOAB to determine if he would be classified as a sexually violent predator pursuant to 42 Pa.C.S.A. § 9799.24(a). See Commonwealth v. Dixon, 907 A.2d 533, 535–36 (Pa.Super.2006)(The triggering event is a conviction for one or more offenses specified in 42 Pa.C.S.A. § [9799.14], which, in turn, prompts the trial court to order an SVP assessment by the SOAB.).

The Commonwealth then introduced the SOAB assessment report from Dr. Zakireh into evidence without objection. (N.T. 04/15/16 pg. 8) The Act

6

requires that the Dr. Zakireh consider the aforementioned factors during the course of his assessment to highlight the appellant's offense pattern and determine whether appellant suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses.. A mental abnormality under the Act is defined as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S. § 9799.12. Commonwealth v. Prendes, 2014 PA Super 151, 97 A.3d 337, 355-56 (2014). Predatory conduct is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization. Id.

Dr. Zakireh determined, to a reasonable degree of psychological certainty after evaluating the facts of the offense, appellant's prior criminal history, appellant's age, mental health history and other behavioral information, that appellant suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses. Pursuant to his assessment, Dr. Zakireh identified a "demonstrated pattern of evolving, repetitive and persistent sexual and non-sexual criminal behavior including severe coercion." He opined that appellant has "significant difficulty in controlling his aggressive sexual urges, impulses, unruly behavior and disregard for social standards/norms, including coercive sexual urges,

7

impulses and behavior which is related to his disregard and lack of concern for the suffering and distress, or the impact of his actions on the victims and in his historical inability to modify his behavior based on negative consequences or experiences." (See SOAB Assessment pg. 8). Based upon his evaluation of appellant's information available to him, Dr. Zakireh determined that appellant meets the criteria set forth in the Diagnostic and Statistical Manual for Mental Disorders, (DSM-5) for antisocial personality disorder, a category consistent with the legal conception of a personality disorder as defined by the statutes. (See SOAB Assessment pg. 8). Accordingly, the evidence was sufficient for the Court to find that the Commonwealth had met its burden to show by clear and convincing evidence that appellant meets the SVP criteria and this claim fails.

Appellant next complains that the SVP finding should be reversed because it is predicated upon the prosecutor's erroneous statement that the SOAB report indicated that appellant exceeded the means necessary to commit the crime. This complaint is meritless. During the SVP hearing, the prosecutor stated that appellant exceeded the [means] necessary to achieve the offense. (N.T. 04/15/16 pg. 10) The written report actually indicated that there was insufficient evidence that appellant exceeded the means necessary to achieve the offense as there was "no evidence of gratuitous violence or significantly beyond the instrumental range." (SOAB Assessment pg. 3) Notwithstanding that it is well settled that the statements of counsel are not evidence, the Court explicitly stated on the record what information was used to make the determination that appellant met the criteria for classification as an SVP; that

8

it had thoroughly reviewed the report from Dr. Zakireh where he conducted a thorough evaluation of the facts and history and concluded that based on all of the factors specified in the Act, that to a reasonable degree of psychological certainty appellant meets the criteria set forth for classification as a sexually violent predator. (N.T. 04/15/16 pg. 15-16) Therefore, the SVP finding was based upon the SOAB assessment, not the prosecutor's argument. Consequently, this claim warrants no relief.

For the foregoing reasons, appellant's claims on appeal are meritless.

BY THE COURT:

_Sheila Woods-Skipper_

SHEILA WOODS-SKIPPER, PJ

9