J-S26010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMILCAR ZAPATA | : | |
| | : | |
| Appellant | : | No. 301 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 7, 2016,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0003546-2013.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: SEPTEMBER 1, 2022**

Amilcar Zapata appeals from the judgment of sentence entered following his negotiated guilty plea to aggravated indecent assault, endangering the welfare of children, and corruption of minors,[1] following our remand for imposition of appropriate sexual offender registration and reporting requirements. He challenges the trial court's determination on remand that he is a sexually violent predator (SVP). We affirm.

Between July 1, 2005, and June 30, 2007, Zapata sexually abused his stepdaughter multiple times. At the time of the abuse, he was 51 to 53 years old, and she was 10 to 11 years old. Police charged him with rape and related offenses on June 18, 2013. On June 7, 2016, Zapata entered a negotiated

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(7), 4304(a)(1), and 6301(a)(1).

guilty plea, and the trial court imposed the agreed sentence of three to ten years of imprisonment, followed by twelve years of probation. The trial court ordered Zapata to register as a sexual offender for the rest of his life pursuant to SORNA I, 42 Pa.C.S.A. §§ 9799.10–9799.42 (effective Dec. 20, 2012–Feb. 20, 2018). Dr. Veronique Valliere of the Sexual Offenders Assessment Board (SOAB) completed a report dated August 26, 2016, concluding that Zapata met the criteria of an SVP. On October 12, 2016, the trial court found Zapata to be an SVP based on defense counsel's stipulation to Dr. Valliere's report.

Zapata filed a first, timely petition for post-conviction relief on March 23, 2017. Ultimately, we vacated the portion of Zapata's sentence order that imposed reporting requirements under SORNA I and his SVP designation. *Commonwealth v. Zapata*, No. 717 MDA 2018, 2019 WL 5455362, at *4 (Pa. Super. Oct. 24, 2019) (memorandum). We remanded for the trial court to determine appropriate registration requirements. *Id.* Meanwhile, Zapata was released on parole.

On remand, the trial court determined that Zapata was subject to lifetime registration under Subchapter I of SORNA II (effective beginning Feb. 21, 2018). *See* 42 Pa.C.S.A. § 9799.54. The court entered an appropriate order on January 14, 2020.

Regarding Zapata's SVP designation, the trial court granted Zapata's requests to be reassessed by the SOAB and to hire an independent expert. Dr. Bruce E. Mapes of the SOAB, in a report dated January 26, 2021, concluded that Zapata still met the criteria of an SVP. Zapata hired Dr. Frank

M. Dattilio, who prepared a report dated March 31, 2021. The trial court scheduled an SVP hearing for July 12, 2021. In lieu of the hearing, the parties submitted the reports and briefs. The trial court entered an order classifying Zapata as an SVP on January 19, 2022. Zapata timely appealed.[2] Zapata and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Zapata frames his appellate challenge to his SVP designation with two claims of error:

1. Whether the Commonwealth failed to meet its burden of proving that [Zapata] meets the criteria to be designated as an SVP by clear and convincing evidence where Dr. Mapes's assessment fails to consider that [Zapata] has demonstrated a long-standing ability to control his paraphilia since his parole in 2018, and is therefore unlikely to commit acts of predatory sexual violence?

2. Whether the Commonwealth failed to meet its burden of proving that [Zapata] meets the criteria to be designated as an SVP by clear and convincing evidence where the great majority and nature of the relevant factors did not weigh in favor of finding [Zapata] to be an SVP and, instead, addressed a single concern, specifically [Zapata's] age relative to the victim?

Zapata's Brief at 4.

Zapata's issues both challenge the sufficiency of the Commonwealth's evidence; we will address them together. In assessing evidentiary sufficiency for an SVP determination, our standard of review is *de novo* and our scope of

---

[2] Zapata's notice of appeal erroneously states that he is appealing from the January 19, 2022, SVP order. Zapata's appeal lies from the June 7, 2016, judgment of sentence, made final by the trial court's SVP determination. ***See Commonwealth v. Schrader***, 141 A.3d 558, 561–62 (Pa. Super. 2016).

review is plenary.  ***Commonwealth v. Meals***, 912 A.2d 213, 218 (Pa. 2006).[3]

However, it is not our task to "weigh" (or reweigh) the statutory factors.[4]  ***Id.***

at 220.  Rather, we must construe the evidence in the light most favorable to

the Commonwealth as the party that prevailed before the trial court.  ***Id.*** at

222.

---

[3] ***Meals*** concerned a prior iteration of the SVP statute, 42 Pa.C.S.A. § 9795.4 (repealed).  ***Meals*** remains instructive in our review of a trial court's SVP determination under present law.  ***E.g.***, ***Commonwealth v. Woeber***, 174 A.3d 1096, 1105–06 (Pa. Super. 2017) (relying on ***Meals***).

[4] A SOAB assessment must examine these fifteen factors at a minimum:

> (1) Facts of the current offense, including:
>     (i) Whether the offense involved multiple victims.
>     (ii) Whether the individual exceeded the means necessary to achieve the offense.
>     (iii) The nature of the sexual contact with the victim.
>     (iv) Relationship of the individual to the victim.
>     (v) Age of the victim.
>     (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
>     (vii) The mental capacity of the victim.
> (2) Prior offense history, including:
>     (i) The individual's prior criminal record.
>     (ii) Whether the individual completed any prior sentences.
>     (iii) Whether the individual participated in available programs for sexual offenders.
> (3) Characteristics of the individual, including:
>     (i) Age of the individual.
>     (ii) Use of illegal drugs by the individual.
>     (iii) A mental illness, mental disability or mental abnormality.
>     (iv) Behavioral characteristics that contribute to the individual's conduct.
> (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.58(b)(1)–(4).

Therefore, we will affirm an SVP designation if we are able to conclude that the trial court found clear and convincing evidence that the individual is an SVP, and we will reverse "only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." *Commonwealth v. Morgan*, 16 A.3d 1165, 1168 (Pa. Super. 2011) (quoting *Commonwealth v. Fuentes*, 991 A.2d 935, 941–42 (Pa. Super. 2010) (*en banc*)); *see* 42 Pa.C.S.A. § 9799.58(e)(3) (providing the Commonwealth's burden at an SVP hearing).

Under Subchapter I, an SVP is defined in relevant part as a person convicted of a sexually violent offense "who is determined to be a sexually violent predator under [42 Pa.C.S.A. § 9799.58] due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.53.[5] Based on the statutory text, the Commonwealth must prove "that the person's mental abnormality makes the person likely to engage in predatory behavior, whether or not the offense at issue was predatory." *Commonwealth v. Feucht*, 955 A.2d 377, 381 (Pa. Super. 2008) (citing *Commonwealth v. Fletcher*, 947 A.2d 776, 776 (Pa. Super. 2008)). "However, the risk of re-offending is but one factor

---

[5] "Mental abnormality" means "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S.A. § 9799.53. "Predatory" means "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.*

to be considered when making an assessment; it is not an independent element." ***Commonwealth v. Hollingshead***, 111 A.3d 186, 190 (Pa. Super. 2015) (quoting ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038–39 (Pa. Super. 2013)); ***accord Commonwealth v. Dixon***, 907 A.2d 533 (Pa. Super. 2006) (rejecting a "strict, three-prong test").

As a reviewing court, we recognize that when both parties present expert opinion evidence, "the factfinder is free to reject it, accept it, or give some weight between the two." ***Stephens***, 74 A.3d at 1041 (citing ***Commonwealth v. Lee***, 956 A.2d 1024, 1029 (Pa. Super. 2008)). Further, a conclusion in an expert report is itself evidence. ***Fuentes***, 991 A.2d at 944 (citing ***Meals***, 912 A.2d at 213).[6]

Against this background, Zapata argues that the Commonwealth did not establish that he is likely to engage in predatory sexually violent offenses. Zapata's Brief at 16. (Zapata does not dispute his conviction or his "mental abnormality" of pedophilic disorder. ***Id.*** at 12–18.) He emphasizes that he has not offended since he was released on parole in 2018 and has been doing well in treatment. Although Dr. Mapes' report concluded that "the **instant offenses** meet the predatory behavior criterion," Zapata points out that this section does not speak to his propensity to commit **future** predatory acts.

---

[6] Thus, if an SOAB report concludes that an individual meets the SVP criteria, then the evidence is sufficient to prove that he is an SVP. "[W]hile a defendant is surely entitled to challenge such evidence by contesting its credibility or reliability before the SVP court, such efforts affect the weight, not the sufficiency of the Commonwealth's case." ***Commonwealth v. Feucht***, 955 A.2d 377, 382 (Pa. Super. 2008).

*See* Dr. Mapes' Report at 7 (emphasis added). Rather, Zapata highlights language in Dr. Dattilio's report to mean that he has a low risk to reoffend. Zapata further parses Dr. Mapes' analysis of the fifteen statutory factors that an SOAB assessment must include. Recognizing that SVP determinations "are not exercises in democratic majorities," he nonetheless submits that his case presents too few "relevant" factors for the Commonwealth to meet its burden of proof. Zapata's Brief at 17.

We reject Zapata's claim that there was insufficient evidence that his mental abnormality makes him likely to engage in predatory sexually violent offenses. The trial court was free to accept the expert reports' conclusions as evidence. **Stephens**, **supra**; **Fuentes**, **supra**. Dr. Mapes' report was not limited to its conclusion that "the instant offenses meet the Predatory Behavior criterion." Instead, the trial court relied on additional language from the assessments to establish that pedophilic disorder makes Zapata likely to engage in predatory behavior:

> Zapata's premeditation and coercion [of his stepdaughter] are associated with a higher risk to reoffend. Dr. Mapes also found that Zapata's ongoing deviant sexual interest in an unrelated, pre-pubescent child is also consistent with a higher risk of recidivism. According to Dr. Mapes, Pedophilic Disorder is a congenital, lifetime condition that may "wax and wane" across an individual's lifespan. It can be treated but not cured. Dr. Mapes stated that a person who suffers from Pedophilic Disorder and has committed multiple offenses over a two-year period of time is more likely to re-offend than someone who does not have this disorder.
>
> &ast; &ast; &ast;
>
> [The trial court also noted that Dr. Dattilio] found that Zapata was at a moderate to high risk of reoffending even after

he considered Zapata's commitment to treatment and other steps he has taken to reduce his risk of relapse since his release from prison. He found that Zapata has not been "out of the woods long enough for him to be safe around anyone under the age of 18 without supervision." He also stated that Zapata's history of perpetuating sexual abuse on a child between the ages of 9 and 11 years over the course of a two-year period suggests that his offensive behaviors were "significant and strong."

Trial Court Opinion, 4/13/22, at 7–8.

This evidence, viewed in a light most favorable to the Commonwealth, is sufficient to establish that Zapata's pedophilic disorder makes him likely to engage in predatory sexual offenses in the future. Dr. Mapes concluded (and Zapata does not dispute) that the offenses against Zapata's stepdaughter were predatory. He also provided reasons why Zapata's mental abnormality made him likely to reoffend. It is a logical inference that a person who committed predatory sexually violent offenses and who has a high risk to reoffend is likely to commit predatory sexually violent offenses. The trial court was free to make this determination based on the evidence before it.

As to Zapata's contention that most of the factors weighed against an SVP finding, our Supreme Court squarely rejected this approach. ***Meals***, 912 A.2d at 220. It is not our function as a reviewing court to balance the Section 9799.58(b) factors. ***Id.*** Instead, the factors serve as possible indicators of different mental abnormalities or personality disorders that could make a person likely to engage in predatory sexually violent offenses. ***See id.*** at 221–22 (quoting an SOAB member's analogy that "it's more than one pathway to an issue of pathology"). Here, certain factors supported Dr. Mapes'

- 8 -

conclusion that Zapata has pedophilic disorder. It is beyond our authority on review to reweigh this evidence, including the other factors that were "absent." *Id.* at 222–23. Therefore, this claim fails.

Because the evidence is sufficient to support the trial court's determination that Zapata is an SVP, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/01/2022