J-A01026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
                        :
         v.               :
                        :
JOSEPH H. CAMBURN III,        :
                        :
        Appellant      :   No. 1967 EDA 2022

Appeal from the Order Entered July 19, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002912-2021

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED MAY 08, 2023**

Appellant Joseph H. Camburn III[1] appeals from the judgment of sentence imposed after he pled guilty to possessing child pornography and criminal use of a communication facility.[2]  Appellant argues that the trial court erred in determining that he was a sexually violent predator (SVP).  Following our review, we affirm on the basis of the trial court opinion.

The trial court summarized the underlying facts of this matter as follows:

This case arises out of a report to law enforcement from Twitter that a certain user had uploaded numerous images of sexual

---

[1] We note that although Appellant listed his name as "Joseph Camburn" on the notice of appeal, the trial court docket includes Appellant's full name, "Joseph H. Camburn III."  Therefore, we have amended the caption to reflect Appellant's name as it was listed on the trial court's docket.  **See** Pa.R.A.P. 904(b)(1) (stating that "[t]he parties shall be stated in the caption as they appeared on the record of the trial court at the time the appeal was taken").

[2] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

exploitative material of children using the Twitter platform on or about January 28, 2021. Through investigation, Detective Dante Montella of the Bucks County District Attorney's Office was able to identify Appellant as the account holder and made contact with him on March 19, 2021. At this time, Detective Montella took possession of Appellant's cell phone, Appellant confirmed that the Twitter account in question, "Countryboy4110," was his, provided the detective with his cell phone number, and admitted to possessing child pornography.

Trial Ct. Op., 9/20/22, at 1.

On December 3, 2021, Appellant entered an open guilty plea to possessing child pornography and criminal use of a communication facility. The trial court deferred sentencing for the Sexual Offenders Assessment Board (SOAB) to determine whether Appellant was an SVP. On July 19, 2022, the trial court conducted an SVP hearing. At the hearing, the Commonwealth presented SOAB expert Stephen Pflugfelder, who concluded that Appellant met the criteria for an SVP pursuant to the Sexual Offenses Reporting and Notification Act[3] (SORNA II). At the conclusion of the hearing, the trial court designated Appellant as an SVP. That same day, the trial court sentenced Appellant to a term of two-to-five-years' imprisonment for possessing child pornography and a concurrent term of five years' probation for criminal use of a communication facility. Appellant did not file post sentence motions.

---

[3] 42 Pa.C.S. §§ 9799.10-9799.42.

Appellant filed a timely notice of appeal.[4] Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our review:

Did the lower court err in making a finding that the Commonwealth had met its burden of proving that Appellant was [an SVP] pursuant to 42 Pa.C.S. § 9799[.24]?

Appellant's Brief at 4 (formatting altered).

Initially, Appellant concedes that he has a mental abnormality or personality disorder. *Id.* at 11. However, Appellant argues that he does not meet the statutory criteria for an SVP because the Commonwealth failed to establish that he engaged in predatory behavior. *Id.* In support, Appellant alleges that Mr. Pflugfelder "could not point [to] any conduct by Appellant that was predatory in a sexual way." *Id.* at 17 (citing N.T. SVP Hr'g, 7/19/22, at 40-43, 46-47, 50, 53, 55). Further, Appellant claims that his prior convictions for terroristic threats and harassment were not relevant to the SVP determination because the underlying allegations were "never proven to a 'clear and convincing' standard." *Id.* at 17-18. Appellant also argues that Mr. Pflugfelder erroneously relied on other allegations that were never adjudicated, including a juvenile offense concerning an obscene phone call

---

[4] Appellant's notice of appeal did not indicate the date of the order or judgment being appealed. *See* Notice of Appeal, 7/27/22. After this Court issued a rule to show cause order, Appellant filed a response stating that he intended to appeal from the judgment of sentence imposed on July 19, 2022. Accordingly, the rule is discharged, and we have amended the caption accordingly.

and a report from Bucks County Children and Youth Services (CYS) in which Appellant was alleged to have taken sexually suggestive photographs of children who were under his care. *Id.* at 15-17. For these reasons, Appellant concludes that there was insufficient evidence that he engaged in the predatory behavior necessary to support an SVP determination. *Id.* at 18-19.

We review an SVP designation to determine whether the Commonwealth presented clear and convincing evidence that the defendant meets the statutory definition of an SVP. ***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa. Super. 2015). "As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth [as verdict winner]." *Id.* (citation omitted).

To prove a defendant is an SVP, the Commonwealth must first establish that the defendant was convicted of a sexually violent offense. Then the Commonwealth must prove that the defendant has "a mental abnormality or personality disorder that makes [them] likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12. The statute defines "mental abnormality" as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id.* The defendant's conduct must be "predatory," which the statute defines as "[a]n act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order

to facilitate or support victimization." ***Id.***; ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038 (Pa. Super. 2013); ***see also Commonwealth v. Geiter***, 929 A.2d 648, 651 (Pa. Super. 2007).

In determining whether an individual meets the definition of an SVP, the SOAB evaluates the following factors:

> (1) Facts of the current offense, including:
>
> > (i) Whether the offense involved multiple victims.
> >
> > (ii) Whether the individual exceeded the means necessary to achieve the offense.
> >
> > (iii) The nature of the sexual contact with the victim.
> >
> > (iv) Relationship of the individual to the victim. (v) Age of the victim.
> >
> > (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
> >
> > (vii) The mental capacity of the victim.
>
> (2) Prior offense history, including:
>
> > (i) The individual's prior criminal record.
> >
> > (ii) Whether the individual completed any prior sentences.
> >
> > (iii) Whether the individual participated in available programs for sexual offenders.
>
> (3) Characteristics of the individual, including:
>
> > (i) Age.
> >
> > (ii) Use of illegal drugs.
> >
> > (iii) Any mental illness, mental disability or mental abnormality.
> >
> > (iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.24(b).

Here, Appellant claims that there was insufficient evidence that his conduct was "predatory" for purposes of the SVP determination. In its Rule 1925(a) opinion, the trial court addressed Appellant's claim as follows:

[A]n act is predatory when the act is "directed at a stranger or at a person with whom a relationship has been initiated, established maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12. Furthermore, the statutory definition of "predatory" contains no requirement that Appellant engaged in predatory behavior in the instant offense. *See Commonwealth v. Fletcher*, 947 A.2d 776, 776 (Pa. Super. 2008). Rather, the requirement is that the offender is likely to engage in predatory behavior, regardless of whether the offense at issue was predatory itself. *See id.*; *see also* [*Commonwealth v. Feucht*, 955 A.2d 377, 381 (Pa. Super. 2008) ].

Mr. Pflugfelder opined that Appellant has engaged in predatory behavior in the past, although he stated his belief that [] neither the possession of child pornography nor masturbation to the same is "predatory behavior" for the purposes of [an] SVP designation. N.T. SVP Hr'g at 53-55. Mr. Pflugfelder based this opinion on the definition provided by the statute and opined that Appellant's prior conviction in 2002 for terroristic threats in which Appellant made an obscene phone call to a stranger[/]victim, constituted predatory behavior as defined in the statute. *Id.* at 40, 53-55. Appellant was convicted of harassment in 2006, which according to the records of Bucks County Adult Probation, was for making a "fraudulent and malicious phone call to 911." *Id.* at 56.

Appellant's three convictions: terroristic threats resulting from an obscene phone call, his harassment conviction for the fraudulent and malicious phone call to 911, and the instant conviction for child pornography and criminal use of a communication facility have an important commonality. In each instance Appellant targeted a stranger. Be it the obscene phone call, the 911 call, or when he uploaded "obvious child sexual exploitative material" to

- 6 -

the website Twitter.com, each of these acts were directed to a victim that Appellant did not know. Moreover, during an investigation by [CYS] separate from the instant offense, Appellant admitted to masturbating to videos of children he personally knew. *Id.* at 35-36. In light of this information, Mr. Pflugfelder found that Appellant had initiated a relationship in part or in whole to facilitate victimization. As a result, Appellant has engaged in predatory behavior that has both been directed to a stranger[/] victim and to an individual to whom he had initiated a relationship in part or in whole to facilitate victimization.

Under the statue, the SOAB assessor conducting [an] SVP assessment is required to examine certain statutory indicators. These indicators signal the likelihood of future offenses, and are not factors to be weighed against each other. The presence of factors is the relevant analysis, factors that are not present or inapplicable to the current facts do not count against a conclusion that [Appellant] is [an] SVP. Of the [fourteen] listed statutory sub-indicators, six of them were found present, two were not found present, and six were found to be unsuited for Appellant's assessment. This court found that (i) the offense involved multiple victims, (ii) the children victims depicted in the child sexual exploitative material were of very tender age, (iii) Appellant's prior criminal record counseled for a finding of SVP status, (iv) Appellant had completed his prior sentences, (v) the fact that Appellant had already completed sexual offender treatment and subsequently reoffended, and (vi) Appellant's behavioral characteristics made it likely that he would continue to offend. This court found that (a) Appellant had no relationship with the victims for the instant offense, and (b) that Appellant's commission of the offense did not involve him displaying unusual cruelty. *Id.* at 62-77.

\* \* \*

In sum, Mr. Pflugfelder concluded that "[Appellant] has engaged in sexually inappropriate behaviors over the course of his life that would suggest a sexual behavior problem" and "based on his mental abnormality and engaging in predatory behavior, he's likely to reoffend." *Id.* at 36-37 . . . .

Nor can Appellant's additional behavior be ignored. He admitted to [CYS] that he has been attracted to children since before he was [twelve] years old, and had advanced beyond mere fantasy, to the consumption of child pornography, to taking photographs

of the clothed buttocks, bare legs, and bare feet of prepubescent children for whom he was in a caretaking role. This type of escalating behavior is deeply concerning and strongly suggests that Appellant is likely to engage in predatory sexually violent behavior in the future.

Based on Appellant's prior convictions, which involved predatory behavior, along with Appellant's behavior of covertly taking photographs of young female children he was babysitting, and the violent, cruel nature of the pornographic files found on Appellant's devices, this court was satisfied that the Commonwealth, through Mr. Pflugfelder, presented clear and convincing evidence as to not only Appellant's mental abnormality, but also as to the presence of predatory behavior. This court is also satisfied that Mr. Pflugfelder thoroughly considered the requisite statutory factors listed in 42 Pa.C.S. § 9799.24(b) as they relate to the circumstances surrounding the instant case. Mr. Pflugfelder assessed and pointed to several statutory factors that increased Appellant's likelihood of reoffending, such as the age of the victims depicted in the child pornography being prepubescent, the fact that Appellant had been investigated in the past [by CYS] for allegedly looking at the intimate parts of one of the children Appellant was in a caregiving role with, and the fact that Appellant previously completed sex offender treatment back in 2004. N.T. SVP Hr'g at 36, 48. Mr. Pflugfelder testified that the fact that Appellant had previously undergone treatment and then reoffended afterward is more concerning than if Appellant had never undergone sex offender treatment. *Id.* at 48.

Trial Ct. Op. at 9-13 (some citations omitted, formatting altered).

On this record, viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that there was sufficient evidence establishing that Appellant engaged in predatory conduct. *See* *Hollingshead*, 111 A.3d at 189. We agree with the trial court's analysis of the evidence presented at the SVP hearing, including Mr. Pflugfelder's testimony that the trial court found credible and supported by the record which described Appellant's history of predatory behavior. *See* N.T. SVP Hr'g at 60-

77; *see also* Trial Ct. Op. at 8. Therefore, Appellant's challenge to the SVP determination is meritless, and no relief is due. *See Stephens*, 74 A.3d at 1038. For these reasons, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: *5/8/2023*