J-S05036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALLEN DYESS | : | |
| | : | |
| Appellant | : | No. 723 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Clarion County
Criminal Division at CP-16-CR-0000089-2022

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: March 11, 2024**

Michael Allen Dyess (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of numerous crimes involving his sexual abuse of a child. In his sole issue, Appellant challenges his designation as a sexually violent predator (referenced at times as SVP). We affirm.

The trial court summarized the procedural history as follows:

A jury trial was held on November 29-30, 2022, and [Appellant] was found guilty of ten (10) counts of Indecent Assault [of a person] less than thirteen (13) [years of age]; ten (10) counts of Indecent Assault without Consent; two (2) counts of Endangering Welfare of a Children; and one (1) count of Corruption of a Minor. The one (1) count of Harassment was *nolle prossed* following the conclusion of trial.

Thereafter, [the trial court ordered] an assessment by the Sexual Offenders Assessment Board [(referenced at times as SOAB),] and a hearing was held to determine whether [Appellant] should be classified as a Sexually Violent Predator on April 4, 2023. At the conclusion of the hearing, this court found [Appellant] to be a Sexually Violent Predator. On May 17, 2023, [Appellant] was sentenced to serve an aggregate period of incarceration under the

supervision of the Pennsylvania Bureau of Corrections for a minimum of eighty-four (84) months, to a maximum of one hundred sixty-eight (168) months, followed by three (3) years of consecutive probation supervision.

[Appellant] filed a Notice of Appeal on June 15, 2023. In [Appellant]'s Statement of Matters Complained of on Appeal, filed on July 11, 2023, he raised one (1) claim of error.

Trial Court Opinion (TCO), 8/7/23, at 1-2.

Appellant states that the trial court erred by finding him to be an SVP "at a hearing held prior to the sentencing of Appellant on charges which formed the basis of the classification as an SVP against the weight of the evidence presented." Appellant's Brief at 6.

This Court "will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." *Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015) (citation omitted). The Commonwealth's burden of proof "has been described as an intermediate test, falling below the highest level of proof, beyond a reasonable doubt, but above the preponderance of the evidence standard." *Commonwealth v. Stephens*, 74 A.3d 1034, 1039 (Pa. Super. 2013) (citation omitted). Evidence will meet this level of proof if it is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." *Id.*

An SVP is "an individual who committed a sexually violent offense" and "who is determined to be a sexually violent predator . . . due to a mental

abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12.

We recently explained:

The procedure for determining SVP status is statutorily mandated and well-defined. Under revised Subchapter H of [the Sex Offender and Registration Act, (]SORNA[)], after a person has been convicted of an offense listed in [42 Pa.C.S. §] 9799.14, the trial court orders an assessment by the SOAB. The SOAB must assess all individuals convicted of sexually violent offenses to determine whether they should be classified as an SVP. When assessing whether a particular offender should be classified as an SVP, the board shall establish standards for evaluations and for evaluators conducting the assessments.

*Commonwealth v. Moore*, 307 A.3d 95, 100 (Pa. Super. 2023), *citing*

*Commonwealth v. Aumick*, 297 A.3d 770, 777 (Pa. Super. 2023) (*en banc*).

After a court orders an assessment, "a member of the [SOAB] as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator." 42 Pa.C.S. § 9799.58(b). The assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

(ii) Use of illegal drugs by the individual.

(iii) A mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.58(b).[1]

The Commonwealth must prove "that the person's mental abnormality makes the person likely to engage in predatory behavior, whether or not the offense at issue was predatory." ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008) (citing ***Commonwealth v. Fletcher***, 947 A.2d 776, 776 (Pa. Super. 2008)). We have explained:

In order for a person to be designated an SVP, the crime committed in the case under consideration need not have been

---

[1] The SOAB has 90 days from the date of the individual's conviction to submit a written report of its assessment to the district attorney. 42 Pa.C.S. § 9799.58(d). "A hearing to determine whether the individual is a sexually violent predator shall be scheduled upon praecipe by the district attorney." ***Id.*** at § 9799.58(e)(1).

predatory, although it must have been a sexually violent one. Rather, what is required is that the person's mental abnormality makes the person likely to engage in predatory behavior, whether or not the offense at issue was predatory. Naturally, the facts of the [underlying] offense are material to the SVP assessment.

***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008) (citations omitted). The court must examine "the driving force behind the individual's commission of predatory acts, [and] look[] at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine." ***Stephens***, 74 A.3d at 1038-39. The "risk of re-offending is but one factor to be considered when making an assessment; it is not an 'independent element.'" ***Id.*** at 1039 (citation omitted).

In this case, Appellant's assessment was conducted by SOAB member Brenda Manno. Ms. Manno is a licensed clinical social worker who has been a member of the SOAB since 1998. N.T., 4/4/23, at 3-4. Ms. Manno testified that as of March 8, 2023, she had completed 1,760 SVP assessments. ***Id.*** at 4. The trial court qualified Ms. Manno as an expert in sexual offender assessments, and admitted her report (Report) into evidence without objection. ***Id.*** at 4, 9 (admitting Report as Commonwealth Exhibit 1). Ms. Manno was the only witness at Appellant's SVP hearing.

Appellant does not dispute that he committed a sexually violent offense. However, he claims Ms. Manno's assessment was "arbitrary and capricious." Appellant's Brief at 9. Appellant states:

With the presence of statutory factors not being determinative of SVP status, and no other criteria discussed for the levy of an SVP determination, the inference of the determination of SVP status

- 5 -

[a]s arbitrary is a reasonable one. Arbitrariness is antithetical to a clear and convincing standard of proof.

*Id.* at 14.

Appellant does not cite any case law to support his argument. *See* Pa.R.A.P. 2119(a) (requiring that appellate briefs contain "discussion and citation of authorities as are deemed pertinent"). "When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (Pa. Super. 2015) (*en banc*).

To the contrary, the trial court and Commonwealth argue that Appellant's SVP designation is supported by this Court's decision in *Feucht*, *supra*. *See* TCO at 3; Commonwealth's Brief at 1 (citing TCO, "particularly the reliance on *Commonwealth v. Feucht*"). In *Feucht*, we explained:

> [W]ith regard to the various assessment factors listed in Section [9799.58(b)], there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities.
>
> Thus, while the Board is to examine all the factors . . . the Commonwealth does not have to show that any certain factor is present or absent in a particular case. Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses.

*Feucht*, 955 A.2d at 381.

Despite acknowledging "the presence of statutory factors not being determinative of SVP status," Appellant emphasizes the absence of "many of the factors required to be considered by statute." Appellant's Brief at 11, 14. He states that his "offense[s] involved one victim"; he "did not display unusual cruelty in the course of his offense[s]"; he does not have a prior criminal history and has not completed a prior sentence; he "has not been provided the opportunity to learn to curb his criminal behavior by experiencing consequences or punishments"; information regarding illegal drug use and mental health "was not able to be obtained"; and because Appellant "has no prior charges or convictions for sexual offenses," there are no factors "reasonably related to the risk of reoffense." *Id.* at 11-12 (alluding to Section 9799.58(b)(1)(i),(vi); (2)(i),(ii),(iii); (3)(ii),(iii); and (4)). Appellant also states that two of the established factors, the nature of the sexual contact and the age of the victim, "were established by the existence of the crime." *Id.* at 12 (alluding to Section 9799.58(b)(1)(iii),(v)).

In addition, Appellant criticizes Ms. Manno's report as "not just opaque, [but] internally inconsistent." *Id.* at 13. He stresses that he declined to participate in the assessment, and points to the third paragraph on page 2 of the Report which begins with the sentence, "On December 28, 2021, Michael Dyess was interviewed." *Id.* at 13-14 (quoting Report at 2).

Appellant disregards the context of the quote. The first page of the Report indicates that Ms. Manno reviewed various documents and records,

including the "Police Report/Criminal Complaint/Case Disposition." Report at

1. The Report states:

> INFORMED CONSENT:
> . . . The Board received notice on December 14, 2022, from [Appellant's attorney] indicating that [Appellant] would not be participating in the interview process. The investigation and assessment were completed without [Appellant] participating in the interview.
>
> DESCRIPTION OF INSTANT OFFENSE:
> **The following information was taken from the police criminal complaint filed by Trooper Joshua Bauer of the Pennsylvania State Police**. . . .

*Id.* (emphasis added).

The sentence Appellant quotes about being interviewed refers to Trooper Bauer's interview of Appellant as stated in the criminal complaint and recited in the Report. *See* Report at 2 (restating information from Trooper Bauer's interview of the victim's mother as well as Appellant).

Appellant also mischaracterizes statements concerning his mental health. Appellant quotes a sentence in the Report which states: "Information regarding prior mental health diagnosis or treatment was not able to be obtained during the course of the investigation." Appellant's Brief at 14 (quoting Report at 4). He complains that the Report "then goes on to establish a mental abnormality 3 paragraphs later." *Id.* However, Appellant disregards the distinction between the statement that his **prior** mental health information was unavailable to Ms. Manno, and Ms. Manno's contemporaneous and mandated conclusion that Appellant suffers from a mental abnormality. *See* Report at 4 (discussing criteria for a mental abnormality and concluding

- 8 -

Appellant "meets the diagnostic criteria for Pedophilic Disorder as defined in the DSM-5").

Ms. Manno concluded:

[Appellant] meets the diagnostic criteria for a Paraphilic Disorder, specifically Pedophilic Disorder, which is considered a congenital or acquired condition.

. . . [A] Paraphilic Disorder is a lifetime disorder that follows a chronic course.

. . . [Appellant] has engaged in the sexual offending of the victim on numerous occasions over approximately a span of three years. He instructed the victim not to disclose the abuse.

. . . [Appellant's] pathway to offending is his mental abnormality.

***

Based upon all of the available information, it is this Board Member's professional opinion within a reasonable degree of professional certainty that [Appellant] does suffer from a mental abnormality or personality disorder as defined in Pennsylvania law. . . .

**ISSUE OF PREDATORY BEHAVIOR:**

The law defines predatory as, "An act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." [Appellant] sexually victimized his [victim]. He used his access and normative parenting situations to engage in the sexual offending of the child for an extended period of time. His behavior is considered predatory in nature based on the definition in the statute.

*Id.* at 4-5 (bold in original).

At the conclusion of the SVP hearing, the trial court stated:

I think Ms. Manno has fully explained why she came to the conclusion that she did. I think that her recitation of the information upon which she relied is consistent with the testimony

- 9 -

that was offered at [Appellant's] trial which I presided over. And for that reason, taking into consideration the facts that were established at trial and Ms. Manno's professional opinion that's contained within her report, I do find that [Appellant] is a Sexually Violent Predator and should be classified as such.

N.T., 4/4/23, at 18.

The court in its opinion reasoned:

At the hearing, Brenda Manno, a member of the Sexual Offenders Assessment Board, testified that [Appellant] met the criteria of a sexually violent predator and offered details of her report. The Commonwealth offered into evidence the Sexually Violent Predator Assessment completed by Ms. Manno in its entirety, upon which this court relied to make its determination. [Appellant] did not offer any evidence at the hearing but argued that despite the sexual behavior occurring over a period of three years[,] the jury did not find that [Appellant] engaged in a course of conduct for the charge of Indecent Assault of a Child. Pursuant to 42 Pa.C.S.[] § 9799.58(b), Ms. Manno considered fourteen factors in her assessment and concluded that [Appellant] met the criteria for a sexually violent predator under Pennsylvania law.

***

This court accepted the assessment conducted by Ms. Manno as reliable and compelling. [Appellant] was convicted of ten (10) counts of Indecent Assault of a Child and ten (10) counts of Indecent Assault - Lack of Consent, which occurred over a period of three years and was considered by Ms. Manno in her report. Ms. Manno testified that her opinion would not change even if the jury had found [Appellant] guilty of a course of conduct. The fact that the jury failed to find that [Appellant] engaged in a course of conduct relates to the grading of the offense, which was resolved at the time of trial. Therefore, the court did not abuse its discretion in determining that the Commonwealth proved by clear and convincing evidence that [Appellant] was a sexually violent predator.

TCO at 3-4.

Our review of the record and law confirms that the Commonwealth presented clear and convincing evidence to support Appellant's designation as an SVP. Appellant's claim to the contrary does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/11/2024